IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| GWENETH HILLIGOSS, | ) |
| Plaintiff, | ) |
| v. | ) No. 13-cv-3095 |
| SCHNUCK MARKETS, INC., | ) |
| Defendant. | ) |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Gweneth Hilligoss' Motion for Leave to Amend Complaint at Law to Add Additional Counts (d/e 24) (Motion).  This case comes before the Court under diversity removal jurisdiction.  Hilligoss alleges that on March 26, 2011, she suffered personal injuries in Defendant Schnuck Markets, Inc.'s (Schnuck's) grocery store located at 2801 Chatham Road, Springfield, Illinois (Store).  She alleges that a checker injured her by negligently hitting her in the elbow with a large package of bottled water.  Notice of Removal (d/e 1), Exhibit A, Complaint at Law (Complaint), ¶¶ 7-10.

During discovery, Hilligoss sought copies of video recordings made by the Store's security cameras.  Schnuck's provided the video recorded by one security camera.  This camera recorded the events in the checkout

lane where the incident occurred. Schnuck's adjuster had previously determined that the video taken by the other security cameras in the Store was not relevant, and so, did not preserve any of it. See Motion, at 6-7.

Hilligoss now asks to amend the Complaint to add a claim for spoliation of evidence. Hilligoss' proposed amendment alleges:

> 4. That the Defendant, Schnuck Markets, Inc., maintained and operated multiple closed circuit video cameras capturing images of the Defendant's premises from multiple angles.
>
> 5. That agents and employees of the Defendant, Schnuck Markets, Inc., held access to those cameras by virtue of their relationship with the Defendant.
>
> 6. That subsequent to the injury as alleged in the Plaintiffs Complaint at Law, a prior adjuster of the Defendant, Debbie Harris, retrieved one videotape of the Plaintiff, Gweneth Hilligoss, being struck on or about March 26, 2011, at 2801 Chatham Road, City of Springfield, State of Illinois.
>
> 7. That Harris failed to secure the footage of the other cameras in the immediate vicinity.
>
> 8. That upon information and belief, one or more cameras in the immediate vicinity also captured portions of the incident as described in the Plaintiffs Complaint at Law.
>
> 9. That the footage recorded by the aforesaid cameras was subsequently destroyed, or allowed to be destroyed, by agents or employees of the Defendant, Schnuck Markets, Inc.
>
> 10. That despite the fact that the Defendant knew, or reasonably should have known, that the video footage at issue was material evidence to a potential personal injury cause of action, the Defendant failed to use due care in preserving this key evidence.

> 11. That as a direct and proximate result of the Defendant's failure to use due care in preserving the videotape, Plaintiff was unable to establish by direct evidence the impact that caused injury to the Plaintiff, and the corresponding negligence and/or violation of the Premises Liability Act, and but for the loss of this evidence, Plaintiff would have succeeded in her prosecution of this lawsuit against the Defendant; further, Plaintiff has suffered money damages because of her inability to successfully prosecute her claim.

Motion, Exhibit M, Proposed Complaint at Law, Count III Negligence—Spoliation, ¶¶ 4-11. Schnuck's opposes the Motion.

## ANALYSIS

Leave to amend pleadings is to be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court may deny leave to file an amendment to a complaint when the amendment would be futile or cause undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962). Schnuck's objects to the proposed amended pleading because the amendment would cause undue delay and because the additional claim would be futile. The Court agrees that the amendment would be futile.

Illinois does not recognize a separate tort of spoliation of evidence. Rather, spoliation is brought as a negligence action. Boyd v. Travelers Ins. Co., 166 Ill. 2d 188, 194-95, 652 N.E.2d 267, 270 (Ill. 1995). As such, Hilligoss must allege duty, breach of duty, proximate cause, and damage. E.g., Estate of Johnson by Johnson v. Condell Memorial Hosp., 119 Ill.2d

496, 503, 520 N.E.2d 37, 40 (Ill. 1988). In this case, Hilligoss' proposed pleading fails to allege facts which, if true, would establish that Schnuck's owed her a duty to preserve the video recordings.

Illinois does not recognize a general duty to preserve evidence. Boyd v. Traveler's Ins., 652 N.E.2d at 270. A party, however, may incur a duty to preserve evidence as a result of an agreement, a contract, a statute, a voluntary undertaking or other special circumstance. Id. Hilligoss alleges no agreement, contract, or statute that gave rise to this duty. Hence, her allegations must plausibly show a special circumstance or a voluntary undertaking to allege the element of duty. The proposed allegations do neither.

Hilligoss alleges no special circumstances that would impose a duty. Hilligoss alleges that Schnuck's possessed and controlled the recordings. Exclusive possession and control of the evidence does not create a special circumstance. See Martin v. Keeley & Sons, Inc., 2012 IL 113270, ¶¶44-46, 979 N.E.2d 22, 31(Ill. 2012). To establish a special circumstance in this context, Hilligoss must allege that she made a request to Schnuck's to preserve the other recordings before they were erased or recorded over. Id. She does not allege that she made any such request.

Hilligoss also does not allege a voluntary undertaking. Illinois law on a voluntary undertaking of a duty provides, "[O]ne who undertakes gratuitously or for consideration, to render services to another is subject to liability for bodily harm caused by the other by one's failure to exercise due care in the performance of the undertaking." Rhodes v. Illinois Cent. Gulf R.R., 172 Ill.2d 213, 239, 665 N.E.2d 1260, 1273 (Ill. 1996). Hilligoss alleges that Schnuck's voluntarily made the multiple recordings of events throughout the Store and kept one recording of the incident. Hilligoss does not allege that Schnuck's voluntarily made the recordings or kept the single recording as a service for her. Rather, it seems clear that Schnuck's operated security cameras for its own purposes, and kept the one recording for its own purposes. The allegations do not establish a voluntary undertaking.

Hilligoss' proposed amendment fails to allege the essential element of duty. Therefore, the proposed amendment would be futile, and the Motion is denied.

WHEREFORE Plaintiff Gweneth Hilligoss' Motion for Leave to Amend Complaint at Law to Add Additional Counts (d/e 24) is DENIED.

ENTER: December 16, 2013

*s/ Byron G. Cudmore*
UNITED STATES MAGISTRATE JUDGE